**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**RUTH LOLLAR**                                                                                                    **PLAINTIFF**

**V.**                                                                                       **CAUSE NO.: 1:09CV10-SA-JAD**

**ROYAL TRUCKING COMPANY and
CHEROKEE INSURANCE COMPANY**                                                      **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

Presently before the Court is Plaintiff's Motion to Remand [12]. After reviewing the motion,

response, memoranda, and authorities, the Court finds the motion should be GRANTED.

*Factual and Procedural Background*

Ruth Lollar filed an action in the Clay County Circuit Court against Royal Trucking

Company and Cherokee Insurance Company. Lollar is a resident of Alabama, Cherokee Insurance

has its principal place of business in Michigan, and Royal Trucking is based in Mississippi. Her

claim against Royal Trucking is based on an incident in the latter part of 2006, in which Plaintiff and

her husband were hired to haul loads for Royal Trucking. Plaintiff asserts that part of the contractual

agreement was that Plaintiff would not be required to unload any part of the cargo she and her

husband hauled. However, on December 18, 2006, after hauling a load to Salisbury, Maryland,

Plaintiff was required to unload the contents of the truck.

Plaintiff contends that while unloading the truck, she was pinned against the trailer's wall

by a four thousand pound pallet. As a result, she claims she suffered injury to her neck, shoulder,

arm, and lower back. The defendants have allegedly denied that this is a workers' compensation

claim.[1] However, according to the Plaintiff, Royal Trucking and Cherokee Insurance have conceded

---

[1]Plaintiff contends that she filed a Petition to Controvert with the Mississippi Workers'
Compensation Commission and has not received a ruling yet.

that Plaintiff's accident would be covered under an Occupational Accident Policy.  That policy provides a maximum benefit period of 104 weeks.

Plaintiff filed a complaint against Royal Trucking and Cherokee Insurance alleging she is entitled to injunctive relief against Cherokee Insurance invalidating the two year limitation of the Occupational Accident Policy, as well as a court order requiring Cherokee to cover her lower back injury.  Moreover, Plaintiff asserts the following claims: bad faith refusal to cover Plaintiff's back injury against Cherokee Insurance; failing to provide a safe working environment against Royal Trucking; gross negligence against both Royal Trucking and Cherokee Insurance; breach of contract against Royal Trucking by requiring Plaintiff to unload her own truck; breach of contract against Cherokee Insurance for failing to recognize and treat her lower back injury under the Occupational Accident Policy; fraud/misrepresentation against Royal Trucking for allegedly promising Plaintiff would not have to unload her truck; and punitive damages against both defendants.

On January 20, 2009, Cherokee Insurance filed a Notice of Removal alleging Plaintiff misjoined her claims against Cherokee with her claims against the instate defendant Royal Trucking for the purpose of depriving Cherokee of its right to remove this action.  Cherokee contends that under Mississippi Rule of Civil Procedure 20, Plaintiff's allegations did not arise out of the same transaction or occurrence, and are therefore, severable.  Once the claims against Royal Trucking are severed, Cherokee maintains that this Court will have jurisdiction over Plaintiff's claims against it.

Plaintiff filed this Motion to Remand and countered that the joinder of both parties in the same lawsuit was proper because the claims against both defendants arise out of the same December 16, 2006, occurrence.  Moreover, the Plaintiff asserts that removal was inappropriate because her claim is governed by workers' compensation laws.

*Fraudulent Misjoinder Discussion*

The concept of fraudulent misjoinder was first articulated by the Eleventh Circuit in <u>Tapscott</u> <u>v. MS Dealer Service Corporation</u>, 77 F.3d 1353, 1360 (11th Cir. 1996), <u>abrogated on other grounds</u>, <u>Cohen v. Office Depot, Inc.</u>, 204 F.3d 1069 (11th Cir. 2000), in which the court found that the misjoinder of claims against two groups of unrelated defendants was "so egregious as to constitute fraudulent joinder." <u>Id</u>. at 1360. The court determined that in light of the egregious misjoinder, it was proper to sever the claims from one another, and to permit the diverse parties to remain in federal court as a properly removed case. The Fifth Circuit endorsed <u>Tapscott</u>'s fraudulent misjoinder holding in <u>In re Benjamin Moore & Company</u>, 309 F.3d 296 (5th Cir. 2002), observing that "misjoinder . . . should not be allowed to defeat diversity jurisdiction."

Cherokee Insurance submits that the claims against it are obviously misjoined with the claims against Royal Trucking, and that, as in <u>Tapscott</u>, the court should sever and remand only the claims against Royal Trucking, while retaining jurisdiction over the claims against Cherokee Insurance.

The federal courts of this state have held that in a removed case, the question whether there has been fraudulent or improper misjoinder is determined by reference to the state's rules on joinder. <u>See</u> <u>Mohamed v. Mitchell</u>, 2006 U.S. Dist. LEXIS 5251, 2006 WL 212218 (N.D. Miss. Jan. 23, 2006) (stating that "[i]n determining whether any such egregious misjoinder has taken place in this case, Rule 20 of the Mississippi Rules of Civil Procedure applies"); <u>Sweeney v. Sherwin Williams Co.</u>, 304 F. Supp. 2d 868, 875 (S.D. Miss. 2004) (concluding that "Mississippi Rule 20 and supporting case law interpretations of Mississippi Rule 20 should be utilized in a fraudulent misjoinder analysis" rather than federal law); <u>Jackson v. Truly</u>, 307 F. Supp. 2d 818, 824 (N.D. Miss. 2004) (reasoning that "since fraudulent misjoinder claims are clearly analogous to fraudulent joinder claims, and, to the extent that applying Mississippi Rule 20 instead of Federal Rule 20 will affect

the outcome of a fraudulent misjoinder case, the Court will apply the Mississippi rule"). The question thus presented is whether "[t]here is a reasonable possibility that [a Mississippi] court would find that plaintiff's claims" are properly joined. Conk v. Richards & O'Neil, LLP, 77 F. Supp. 2d 956, 972 (S.D. Ind. 1999).

Mississippi Rule of Civil Procedure 20 provides that multiple parties may join together as plaintiffs if they

> assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

MISS. R. CIV. PROC. 20(a). With respect to defendants, all may be joined in a case where a plaintiff asserts that they are jointly or severally liable to him or his claimed right to relief arises from the "same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all defendants will arise in the action." Id. See Mercer v. Moody, 918 So. 2d 664, 667 (Miss. 2005) ("Before multiple parties may be joined as either plaintiffs or defendants, '[b]oth of these requirements must be satisfied in order to sustain party joinder under Rule 20(a) . . . .'" (citing Janssen Pharmaceutica, Inc. v. Bailey, 878 So. 2d 31, 46 (Miss 2004)).

Cherokee Insurance here argues that the "same transaction" requirement is not satisfied, because there are at least two distinct transactions at issue; the first, the negligence stemming from the injury received while an independent contractor for Royal Trucking, and the second, a contractual or extracontractual determination of potential bad faith in the insurance claim handling.

The Mississippi Supreme Court addressed the requirements of Mississippi Rule of Civil Procedure 20 in the context of a lawsuit which joined a liability claim against a tortfeasor with a declaratory judgment claim to establish the plaintiff's right to benefits under his employer's insurance policy. Mercer v. Moody, 918 So. 2d 664, 667 (Miss. 2005). Despite the fact that the plaintiff

requested different relief from the tortfeasor and the insurance carrier, the court opined that

> [t]he "same transaction or occurrence" requirement of Rule 20(a) is satisfied, as any potential claims [plaintiff] had against either [the tortfeasor] or [the insurance carrier] arose out of one distinct event, the accident of March 14, 2001.

Id.; see also Mohamed, 2006 U.S. Dist. LEXIS 5251 at *6 (noting that the plaintiff sued all defendants for conduct related to a single event: the June 15, 2002, automobile accident; therefore, the "same transaction or occurrence" prong of Rule 20 was met). Accordingly, Plaintiff's claims against both the trucking company and the insurer arise out of the same transaction or occurrence under Mississippi Rule of Civil Procedure 20.

Moreover, there are questions of fact and law common to all defendants in this action. Specifically, Plaintiff will have to present the same medical records and witnesses, as well as other evidence, in prosecuting the claims against both defendants. See Mohamed, 2006 U.S. Dist. LEXIS 5251, *6-7.

Defendant has not proved that the claims against Cherokee Insurance and Royal Trucking were misjoined. Thus, the parties are not diverse, and this Court has no jurisdiction over the matter.

Plaintiff's Motion to Remand is GRANTED.

SO ORDERED, this the  15th  day of July, 2009.

 **/s/ Sharion Aycock**
 **U.S. DISTRICT JUDGE**